SUPERIOR COURT 
 
 YEVGENIA ALBATS[1] TOWN SPORTS INTERNATIONAL, INC. d/b/a BOSTON SPORTS CLUB, & another [2]

 
 Docket:
 2002-04920
 
 
 Dates:
 May 10, 2004
 
 
 Present:
 Julian T. Houston
 
 
 County:
 MIDDLESEX
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT
 
 

 The plaintiff, Yevgenia Albats ("Albats"), filed a First Amended Class Action Complaint on May 12, 2003 against the defendants, Town Sports  International, Inc., d/b/a Boston Sports Club and TSI Central Square, Inc. (collectively "TSI'). Albats asserts claims, on behalf of herself as well as a class and sub-class similarly situated [3]  that the defendants violated G.L. c.. 93, § 78 et seq., the Health Club Services Act (Count I), that the defendants were unjustly enriched (Count II), for money had and received (Count III), for declaratory judgment pursuant to G.L. c. 23lA (Count IV)1   and that the defendants committed  unfair and deceptive trade practices, in violation of G.L. c. 93A (Count V). The defendants now move to dismiss· the amended complaint, or in the alternative for summary judgment. For the reasons set forth below, the defendants' motion for summary judgment is ALLOWED on all counts.
 
--------------------------------------------
 
[1]Jndividually and on behalf of all others similarly situated.
 
[2]TSI Central Square, Inc.
 
[3]No class has been certified.
 
 -1-
 
BACKGROUND
 
 The record reveals the following undisputed facts.[4] Both of the defendants are New York corporations. TSI is a leading owner and operator of fitness clubs in Massachusetts. With its wholly owned subsidiaries, TSI operates approximately twenty clubs in the Commonwealth. TSI Central Square, Inc. is one of those subsidiaries.
      
 The primary membership sold by TSI is month-to-month, which may be terminated at will with thirty days advance notice. TSI drafts form contracts for use by its subsidiaries, and instructs that they be used,. Those contracts provide standard language that applies to all members, and for monthly payment terms and initiation fees which vary. When executed, these contracts are between individual members and both TSI and a subsidiary.
       
 On or about August 30, 2002, Albats executed a fom1 contract to purchase a month-to-• month membership at a health club owned and operated by the defendants. According to the terms of the contract, she paid a "non-refundable" initiation fee of $89.00 and the first month's dues, $52.50. The form contract signed by Albats includes the following provisions:
 
 3.1 Medical Recommendation & Member Conduct Members and members' guests shall hold the club(s) harmless from any cost, claim, injury, dmage, or liability incurred at the club(s) except resulting from the negligence of TSI, its agents or employees ...
 
 3.4 Activity Risk. ... Members and members' guests assume the risk of any and all accidents or injury of any kind which may be sustained by reason of or in connection with use of the facilities and release, discharge and absolve TSI, its agents and employees from any and all liability or responsibility except if such accident or injury is the result of the negligence of TSI, its agents or employees.
 
--------------------------------------------
 
[4]Extraneous materials submitted by the defendants with their motion present material facts not included in the amended complaint The plaintiffs responsive 9A materials do not dispute these facts,  and so the plaintiff is deemed to have admitted them.  Superior Court Rule 9A(b)(5). The motion will be treated as one for summary judgment pursuant to Mass. R Civ. P. 12(b),
 
 -2-
 
 3.5 Loss of Property. TSI shall not be liable for the disappearance, loss or theft of, or damage to, personal property, including money, negotiable securities or jewelry, unless th ember or guest shall have deposited the same with TSI and received a receipt in writing for such property. In no event., however, even though such. property is so deposited. and a receipt is given shall TSI’s liability for disappearance, loss, theft or damage thereof exceed the lesser of the actual value or $100.
 
 The front page of the form contract contained the following provision:
 
 CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL WITHOUT ANY PENALTY OR FURTHER OBLIGATION BY CAUSING A WRITTEN NOTICE OF YOUR CANCELLATION TO BE DELIVERED IN PERSON OR POSTMARKED BY CERTIFIED OR REGISTERED UNITED STATES MAIL WITHIN THREE (3) BUSINESS DAYS OF THE DATE OF THIS CONTRACT OR THE ATE OF YOUR RECEIPT TO ADDRESS SPECIFIED IN THIS CONTRACT.
 
The reverse side of the form contract contained the following provision regarding the initiation fee.
 
 1.2 Initiation  Fee.  There will be a one-time initiation  fee,  This  fee may change  from time to time at TSI's discretion. This fee is non-refundable. Resignation from the club(s) shall not terminate the obligation to pay the initiation fee in full. There wilt be no further initiation fee as long as the membership has not expired.
 
 On December 5, 2002, Albats made a demand under G.L. c. 93A § 9, on behalf of herself and all others similarly situated. She made that demand on the grounds that the form contract she signed failed to comply with the provisions of the G.L. c. 93, §§ 78-88, referred to as the Health Club Services Act In a letter dated January 30, 2003, the defendants responded to the plaintiffs c. 93A demand (the "response letter" ),[5] The defendants did not respond with any offer of monetary damages, as they took the position that the plaintiff had failed to specify an injury to herself or any member of the proposed class. Although maintaining that the form contracts did not violate any law, TSI offered to make two changes to the contract language. First TSI offered
 
--------------------------------------------
 
[5]By agreement of the parties, additional time was allowed for the defendants to respond.
 
 -3-
 
replace the "Medical Recommendation and Member Conduct and ”Activity Risk" provisions with a new provision which provides:
 
 Activity Risk & Medical Recommendations·: Any strenuous athletic or physical activity involves certain risks. Members represent that they are aware of the possibility that accidents or injuries of any kind may be sustained by reason of or in connection with use of the facilities. Further, members that [sic] there are no medical or physical  conditions that would prevent them from using exercise facilities at the club(s), and that they have not been instructed by any physician to refrain from using such facilities.  Physical examinations are recommended for all members and especially for members who are elderly, pregnant unaccustomed to physical exertion, or who have physical limitations, a history of high blood pressure, heart problems, or other chronic illness. Before beginning any fitness program, each member is responsible for obtaining authorization. if appropriate, from his or her doctor. Members who are over thirty-five years of age, or have any Coronary Risk Factors, should have a full cardiovascular stress test administered by a doctor..  Members shall not use the club(s) facilities in such a way as to endanger the health or safety of themselves or others.
 
Additionally. TSI proposed to modify the “Loss of Property" provision to read:
 
 Personal Property: Health and fitness clubs experience some incidents of theft, including theft from lockers. Accordingly, members and their guests are warned not to bring valuable personal property to a BSC [TSI] club. Members and their guests agree to take all reasonable precautions to protect any personal property that they choose to bring to a club.
 
 In the response letter, counsel for the defendants requested of plaintiffs counsel that “If you believe that the above changes will not bring TSI into compliance with the Massachusetts Health Club Act, please let me know in writing with particular suggestions  for  further revision as soon as possible. Plaintiff's counsel did not respond to the letter. TSI has since implemented the proposed changes to the language of the form contract.
      
 The records of TSI show that Albats used the health club facility several times a week between September 23, 2002 and June 17, 2003, the date of the affidavit submitted with defendants• motion. The original complaint in this matter was filed on November 20, 2002.
 
 -4-
 
DISCUSSION
 
 Summary judgment shall be granted where there are no genuine issues as to any  material fact and where the moving party is entitled to judgment as a matter of law. Mass. R.. Civ. P. 56©; Cassesso v. Comm'r of Correction, 390 Mass. 419,422 (1983); Community National Bank v. Dawes, 360 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively  demonstrating the absence of a triable issue, and the summary judgment. record entitles him to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates  an essential element of the opposing party's case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp.; 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
 
 I. Health Club Services Act
 
 Count I of Albats' amended complaint seeks damages pursuant to G.L. c. 93,§ 86. However. as she fails to allege any injury, she lacks standing to bring this claim. The statute provides m part, that "[a]ny buyer who has suffered any injury as a result of a violation of sections seventy-eight to eighty-eight, inclusive, or the attorney general, may bring an action for recovery of damages or other relief-..'' G.L. c. 93, § 86. The Health Club Services Act, G.L. c. 93, §§ 78-88, provides specific rules about the form and content of contracts for health club services. Albats asserts she was injured because her contract with TSI failed to conform with
 
 -5-
 
sections of that statute, and thus she lost her protections under the law.  However,  this argument fails. A statute is fu be read for its plain meaning. Jodice v. City of Newton. 397 Mass. 329, 332- 333 (1986); Gurley v. Commonwealth, 363 Mass. 595,598 (1973). The language of § 86 clearly indicates that the legislature contemplated that a plaintiff have both a contract that violates a provision of the act, as well as an injury resulting from that violation. Albats cannot make that showing. The defendants' motion for summary judgment on Count I is allowed. 
 
 II. Declaratory Judgment
 
 Count IV of the amended complaint seeks a declaratory judgment of the rights of the parties under the form contract, and a declaration that the contract is "void and unenforceable·· pursuant to G.L c. 93, § 85. That statute provides. in part, that "[a]ny contract for health club services which does not comply with the applicable provisions of this chapter shall be void and unenforceable as contrary to public policy," G.L. c. 93, § 85. The defendants contend that they are entitled to summary judgment on Country because the plaintiff lacks standing and fails to allege an "actual controversy." Further, they assert that any controversy that is alleged is moot in light of the changes made to the form contract provisions.
 
 The Superior Court may "make binding declarations of right, duty, status and other legal relations," provided there is an actual controversy, specifically pled by a plaintiff with standing to assert the claim. G.L. 23lA, § l; Massachusetts Assn. a/Independent Insurance Agents & Brokers, Inc. v. Comm'r of Insurance, 373 Mass. 290, 292-293 (1977), An actual controversy is "a real dispute caused by the assertion by one party of a legal relation, status or right in which he has a definite interest, and the denial of such assertion by another party also having a definite interest in the subject matter, where the circumstances attending the dispute plainly indicate that
 
 -6-
 
unless the matter is adjusted such antagonistic claims will almost immediately and inevitably lead to litigation."  Bunker Hill Distributing, Inc. v. District Attorney for the Suffolk District, 376 Mass. 142, 144 (1978), quoting School Comm. of Cambridge v. Superintendent of Schools of Cambridge, 320 Mass, 516,518 (1946).
 
 Declaratory judgment is not appropriate in the present case. The plaintiff claims that her disagreement with TSI over the validity of the original form contract presents an actual controversy. However, the undisputed facts do not support the conclusion that without a declaration of the parties; rights litigation· will immediately follow.  There is no further conflict pending. Albats does not seek thus declaration in any way to resolve an immediate question as to her rights. She does not assert a desire to be released from her contractual obligation to TSI. She continues to honor the contract, and to participate in activities at TSI clubs. The contract has been modified.[6]
   
 Although determination of the rights of parties to a contract is an appropriate subject for declaratory judgment, Sahli v. Bull HN Systems, Inc., 437 Mass. 696, 705 (2002), and a party to a contract need not place himself in jeopardy in order to obtain a declaratory judgment, School Comm. of Cambridge, 320 Mass. at 518, he must present more than a theoretical or abstract disagreement. See Brown v. Neelon, 335 Mass. 357, 360-361 (1957). As the undisputed facts do not present an imminent conflict that, if resolved, would avoid litigation, the plaintiff’s claim
 
--------------------------------------------
 
[6]As to the issues addressed by TSI's changes to the form contract, the plaintiffs claim is likely moot. “Litigation ordinarily is considered moot when the party claiming to be aggrieved ceases to have a personal stake in its outcome." Acting Superintendent of Bournewood Hosp. v. Baker, 431 Mass. 10 I, I 03 (2000), quoting Attorney Gen. v. Comm 'r of Insurance, 403 Mass. 370, 380 (1988).
 
 -7-
 
fails as a matter of law and the motion for summary judgment is allowed on Count IV.
 
III. G.L. c. 93A
 
 In Count V of the amended complaint, the plaintiff alleges that the defendants committed unfair and deceptive trade practices in violation of G.L. c. 93A. The defendants contend that, because a reasonable response to the plaintiff's demand letter bars recovery beyond what was offered, G.L. c. 93A, § 9(3), this count should be dismissed. Further, they assert that Albats fails to state a claim because she does not allege an injury due to the defendants" conduct.
      
 The defendants' first contention is not persuasive. They assert  that they made  a reasonable response to the plaintiffs demand letter, that the plaintiffs recovery  would  be  limited to what was offered, and that they have implemented the changes proposed in their response., Thus, defendants conclude that the Court should dismiss or grant summary judgment because, essentially, th issue is moot However, although a  reasonable response to a  93A  demand  letter can limit a plaintiff's recovery, it is well settled law that the reasonableness of a response is a question of fact Shanley v. Rockland Trust Co., 49 Mass. App. Ct. 1119 (2000} It is the defendant's burden to demonstrate  that  a  response  was  reasonable.  Id., quoting Kohl  v. Silver Lake Motors, Inc., 369 Mass, 795, 799 (1976). The defendant  asks that the  Court make a  finding of fact that the response was reasonable. This is improper on a motion for summary judgment
      
 The defendants argue, in the alternative, that Albats has failed to satisfy the injury requirement of G.L. c. 93A. A consumer  may bring suit if he is injured  by unfair  or deceptive acts or practices in the conduct of trade or commerce. G.L. c. 93A, §§ 2, 9. He is entitled to damages "in the amount of actual damages or twenty five dollars, whichever is greater; or up lo three but not less than two times such amount if the court finds that the use or employment of the
 
 -8-
 
act or practice was a willful or knowing violation..." ,G.L. c. 93A, § 9(3).
 
 Section 84 of G.L. c. 93 provides that a violation of the provisions of the statute by a seller or his agents is aper se "unfair and deceptive trade practice," violating G.L. c. 93A. Albats must also, however, show an injury resulting from the violation. Lord v. Commercial Union Insurance Co., 60 Mass. App. Ct 309, 321.:322 (2004) (holding that the trial court's award of the statutory minimum $25 damages, and attorney's fees, was improper where there was a finding of fact that the c. 93A violation did not cause the plaintiff's loss), review denied, 441 Mass. 1104 (2004). The plaintiff asserts that he-r injury exists in the denial of her protections under G .L. c. 93. Although the "invasion of a legally protected interest” may satisfy the injury requirement of G.L. c. 93A, § 9, see Leardi v, Brown, 394 Mass. 151, 160 (1985), that is a limited holding. Lord, 60 Mass. App. Ct. at 323. "The legislature ... did not intend to confer on plaintiffs who have suffered no harm the right to receive a nominal damage award which will in turn entitle them to a sometimes significant attorney's fee  recovery."  Id., at 321-322.  The  defendants' motion is allowed as to Count V.
 
 IV. Quasi-Contractual Remedies
 
 In Counts II and III A1bat.s asserts claims for unjust enrichment and for money had and received, respectively. These are equitable remedies, for quasi-contract However, the form contract remains in effect, as modified, see supra, and "(t)he law will not imply a contract where there is an existing express contract covering the same subject." Zarum v. Brass Mill Materials Corp., 334 Mass. 81, 85 (1956). Further, Albats received the benefit  of  her bargain  with  TSI. The defendants are entitled to judgment as a matter of law, and the motion for summary judgment on Counts II and III are allowed.
 
 -9-
 
 
 
 
 
 
ORDER
 
 For the foregoing reasons defendants, motion to dismiss or for summary judgment is ALLOWED. Summary judgment shall enter for the defendants on all counts.